IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                                  No. CIV S-11-1720 GEB EFB PS

vs.

CITY OF WOODLAND; DETECTIVE TOWLE #883; OFFICER CHAN # 806; OFFICER DROBISH #859,

    Defendants.                                ORDER

_____/

       This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On January 25, 2012, plaintiff filed a motion to quash numerous subpoenas issued by defendants in this action. Dckt. No. 22. That motion has now been noticed for hearing on February 22, 2012 in accordance with Local Rule 251(a). Dckt. Nos. 23, 24. Then, on February 7, 2012, plaintiff filed a motion to quash an additional subpoena issued by defendants, and noticed that motion for hearing on February 29, 2012. Dckt. No. 25. In the interests of judicial economy, the original motion will be continued to February 29, 2012, so that both motions can be heard on the same date.

////

Additionally, although defendants filed an opposition to plaintiff's original motion to quash on February 8, 2012, Dckt. No. 26, the parties are directed to comply with Local Rule 251 (as opposed to Local Rule 230) since plaintiff's motions deal with discovery matters.[1]  Local Rule 251(b) provides that a discovery motion will "not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." E.D. Cal. L.R. 251(b).  The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion.  Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel."[2]  *Id.*

Local Rule 251(c) provides that if the moving party is still dissatisfied after the discovery conference, that party shall draft and file the Joint Statement re Discovery Disagreement, but that "[a]ll parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement." E.D. Cal. L.R. 251(c).  The matters to be addressed in the Joint Statement are set forth in detail in Local Rule 251(c).  Local Rule 251(d) adds that "[r]efusal of any counsel to participate in a discovery conference, or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to the party represented by counsel so refusing or adverse to counsel."

////

////

---

[1] The parties are instructed to comply with Local Rule 251 even though Local Rules 251(a) and 251(b) indicate that the requirements in Local Rule 251 apply only to motions made pursuant to Federal Rules of Civil Procedure 26 through 37, and even though plaintiff's motions to quash are brought pursuant to Federal Rule of Civil Procedure 45.

[2] As provided in Local Rule 101, "'Counsel' refers to an attorney and/or a party acting *in propria persona* or *pro se*."

2

Accordingly, IT IS HEREBY ORDERED that:

1. The February 22, 2012 hearing on plaintiff's original motion to quash, Dckt. No. 22, is continued to February 29, 2012 at 10:00 a.m. in Courtroom No. 24, so that both of plaintiff's motions to quash, Dckt. Nos. 22 and 25, can be heard at the same time.

2. The parties are directed to meet and confer either telephonically or in person in an effort to resolve the discovery disputes without court intervention.

3. If the parties are unable to resolve their disputes, plaintiff shall file a Joint Statement re Discovery Disagreement on or before February 20, 2012.

SO ORDERED.

DATED: February 13, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE