IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                                  No. 2:11-cv-1720-GEB-EFB PS

    vs.

CITY OF WOODLAND; DETECTIVE
TOWLE #883; OFFICER CHAN # 806;
OFFICER DROBISH #859,

    Defendants.                             ORDER

_____/

       This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 12, 2012, defendants filed a motion for summary judgment and noticed the motion for hearing on July 11, 2012. Dckt. No. 34.

       Plaintiff filed an opposition to the motion on June 19, 2012. Dckt. No. 35. However, plaintiff's opposition does not comply with the Federal Rules of Civil Procedure or this court's Local Rules. In light of plaintiff's pro se status, the hearing on defendants' motion will be continued and plaintiff will be given an opportunity to file a revised opposition that complies with Rule 56 and this court's Local Rules.

////

1

1    Specifically, Local Rule 260(b) provides that "[a]ny party opposing a motion for
2 summary judgment or summary adjudication shall reproduce the itemized facts in the Statement
3 of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed,
4 including with each denial a citation to the particular portions of any pleading, affidavit,
5 deposition, interrogatory answer, admission, or other document relied upon in support of that
6 denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise
7 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material
8 facts as to which there is a genuine issue precluding summary judgment or adjudication," and
9 that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in
10 the opposing papers."

11    Additionally, the court informs plaintiff of the following with respect to opposing a
12 motion for summary judgment under Fed. R. Civ. P. 56:  Such a motion is a request that the
13 court grant judgment in defendants' favor without trial.  A motion for summary judgment will
14 set forth the facts that defendants assert are not reasonably subject to dispute and that entitle
15 them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiff
16 must show proof of his claims.  To do this, he may rely upon statements made in the complaint
17 under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the
18 matters stated and plaintiff specifies the parts of the complaint upon which he relies.[1]  Plaintiff
19 also may file one or more affidavits or declarations setting forth the facts that plaintiff believes
20 prove his claims, as long as the person who signs it has personal knowledge of the facts stated.
21 Plaintiff may rely on written records, but he must prove they are what he asserts them to be.

---

[1] Plaintiff's statement of what occurred on the date of the incident, Dckt. No. 35 at 1-3, may be re-submitted in declaration format, signed by plaintiff under penalty of perjury. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (requiring that where a pro se plaintiff makes factual contentions in opposition to a motion for summary judgment, those contentions must be based on personal knowledge and the plaintiff must set forth facts that would be admissible in evidence, "attested [to] under penalty of perjury that the contents of the motions or pleadings are true and correct."); 28 U.S.C. § 1746 (requiring all affidavits to be made on personal knowledge under penalty of perjury).

Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion.  If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motion for summary judgment, Dckt. No. 34, is continued to August 29, 2012.

2. On or before August 8, 2012, plaintiff shall file a revised opposition to the motion, in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260.

3. Failure of plaintiff to comply with this order may be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules.

4. Defendants may file a reply to plaintiff's revised opposition on or before August 15, 2012.

SO ORDERED.

DATED: June 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE